

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,327-01

### EX PARTE RONNIE MICHAEL HOPPER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 60066-A-1*1 IN THE 30TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault (count one) and indecency with a child (counts two and three) and sentenced to twenty five years' imprisonment on count one, and three years' imprisonment on counts two and three, with count three to run consecutively to counts one and two. The Second Court of Appeals affirmed his conviction. *Hopper v. State*, No. 02-18-00476-CR (Tex. App.—Fort Worth Feb. 6, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective by failing to call fact witnesses and failing to investigate, that the State presented false testimony, and that there was cumulative error.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether the State presented false testimony, and, if so, whether the testimony was material. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 25, 2023
Do not publish